IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JESUS VICENTE SANDOVAL-FIERRO | § | |
| | § | |
| v. | § | 2:12-CV-0254 |
| | § | |
| UNITED STATES OF AMERICA | § | |

**REPORT AND RECOMMENDATION**
**TO DENY MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE**

Defendant JESUS VICENTE SANDOVAL-FIERRO has filed a Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody. For the reasons hereinafter expressed, the undersigned Magistrate Judge is of the opinion defendant's claims are without merit and recommends those claims be DENIED.

I.
FACTUAL AND PROCEDURAL HISTORY

On October 31, 2000, defendant was convicted, under a pseudonym, in an Illinois state court of two (2) counts of Unlawful Delivery of a Controlled Substance, and was sentenced to four (4) years and six (6) months in state prison. Cause No. 00CF82. On February 11, 2002, defendant was released to immigration officials and, on February 15, 2002, defendant was deported to Mexico.

On September 28, 2010, in Potter County, Texas, law enforcement stopped a vehicle defendant was driving for a traffic violation. Fingerprinting and other records checks revealed defendant was a citizen of Mexico and was in the United States illegally.

On September 30, 2010, defendant was charged by complaint in the Northern District of Texas, Amarillo Division, with the felony offense of Illegal Re-entry after Deportation in violation

of 8 U.S.C. § 1326.  The Federal Public Defender was appointed to represent defendant.  On October 20, 2010, defendant was charged by indictment with the same offense.

On November 22, 2010, defendant pled guilty to the unlawful re-entry offense as charged in the indictment.  Pursuant to a Plea Agreement, defendant stipulated to the accuracy of the Factual Resume, acknowledged his plea of guilty was freely and voluntarily made, and stated that after thoroughly reviewing all legal and factual aspects of this case with his lawyer, he was fully satisfied with his lawyer's legal representation.  Defendant averred he had "received from his lawyer explanations satisfactory to him concerning each paragraph of this plea agreement, each of his rights affected by this agreement, and the alternatives available to him other than entering into this agreement," and that after conferring with his lawyer, concluded it was in his best interest to enter into the plea agreement and plead guilty rather than proceed to trial because he was, in fact, guilty of the charged offense.  On that same date, defendant confirmed the terms of the Plea Agreement in open court and the Court accepted defendant's plea and the plea agreement and ordered a Presentence Investigation Report (PSR).

On December 27, 2010, the United States Probation Officer filed the PSR reflecting the following calculations:  The base offense level for defendant's illegal re-entry offense was 8.  The base offense level was increased by 16 levels because "defendant unlawfully remained in the United States after a conviction for a felony that is a drug trafficking offense for which the sentence imposed exceeded 13 months," to wit:  defendant's October 31, 2000 Illinois state conviction and resulting 4 ½ year sentence.  Three (3) offense levels were subtracted due to defendant's acceptance of responsibility, resulting in a total offense level of 21.

In defendant's criminal history calculation, three (3) points were assessed for a 1992 conviction for Importation of a Quantity of Marijuana, out of the United States District Court for

the Western District of Texas, El Paso Division. *United States v. Sandoval-Fierro*, No. EP-92-CR-115-7. In that case, defendant was sentenced on May 18, 1992 to 51 months imprisonment, and was released from imprisonment on November 8, 1995. Such conviction was counted due to defendant being incarcerated during the 15-year period prior to the commission of the instant offense. Defendant was assessed an additional two (2) points for a February 20, 2001 conviction for Unlawful Possession of a Controlled Substance in Illinois state court, for which he received a 1-year sentence of imprisonment. Defendant was assessed an additional three (3) points for his October 31, 2000 conviction for Unlawful Delivery of a Controlled Substance in Illinois state court (the same conviction which was the basis for the 16-level increase in the Offense Level Computations). Defendant's adult criminal convictions thus resulted in a criminal history score of 8 and a Criminal History Category of IV. Defendant's Criminal History Category and Total Offense Level resulted in a guideline range of 57 to 71 months imprisonment.

Defense counsel's only objection to the PSR was an objection the paragraph detailing defendant's physical condition. An addendum to the PSR correcting the physical condition paragraph was submitted January 18, 2011.

On January 28, 2011, the District Judge conducted a sentencing hearing. At the hearing, defense counsel argued the Court should sentence defendant at the low end of the guidelines:

> We're asking for a sentence at the low end of the guidelines, and the reason why is, he got three criminal history points, which helped put him in that category with that guideline range, from a conviction in 1992. Normally, convictions that are more than ten years old would not be counted, but if you served any time in custody within the fifteen-year period preceding the event that precipitated this charge, then it's eligible for imposition of criminal history points.
>
> He was released from custody on November the 8th of 1995, and so that fifteen-year period would have expired November the 8th of 2010. So he just -- he just fell within the fifteen-year time period. And so he got the three points on that conviction, which otherwise he would not have. And so that's why we believe that a sentence at the low end of the guidelines would be appropriate.

> What he was talking about was, he did stay in Mexico for seven years after his deportation, and it – the difficulties became overwhelming, and that's why he re-entered. He understands that he can't. He understands the consequences of that decision. I don't think he's going to make that mistake again.
>
> But he did make the effort to stay, and he knows that whatever happens here, when he gets deported again, he's going to have to make it work in Mexico.

Despite defense counsel's argument, the District Judge sentenced defendant to a term of 71-months imprisonment, the top end of the advisory guideline range. The District Judge explained, on the record, why this sentence was assessed:

> The Court has set your penalty at 71 months. You have two felony convictions involving illegal drugs, one of which was a federal conviction. You continue to re-enter the United States illegally. You committed a new drug offense while you were on supervised release. And the Court believes this sentence addresses the Court's sentencing objectives of punishment and deterrence.
> . . .
>
> The Court ordered three years' supervised release in part to be sure you remain outside the United States, if deported.

Defendant appealed his conviction and sentence to the United States Court of Appeals for the Fifth Circuit. *United States v. Sandoval-Fierro*, No. 11-10148. On appeal, defendant argued the District Judge erred by relying solely upon the description contained in the PSR of his two prior Illinois convictions for unlawful delivery of a controlled substance as the basis for imposing a 16-level enhancement. The government supplemented the record with copies of the Illinois indictment and judgment indicating defendant was convicted, under the pseudonym, of two counts of knowingly delivering a substance containing cocaine in violation of Illinois state law. Reviewing defendant's claim for plain error due to the absence of an objection to the enhancement in the district court, and considering the supplemental record provided by the government, the Fifth Circuit affirmed defendant's conviction and sentence on September 9, 2011. Defendant did not seek certiorari with the United States Supreme Court.

On December 6, 2012, defendant filed this Motion Under 28 U.S.C. § 2255 to Vacate, Set

Aside, or Correct Sentence by a Person in Federal Custody. The government filed a response in opposition to the motion to vacate on January 17, 2013. Defendant has not filed a reply to the government's response.

## II.
## DEFENDANT'S ALLEGATIONS

Defendant appears to present the following claims seeking to vacate the sentence imposed in this case:

- A. Defendant was denied his constitutional right to effective assistance of counsel because trial counsel failed to object to:

    1. the inclusion of defendant's 1992 federal drug-trafficking conviction in calculating defendant's criminal history score "on the basis of remoteness;"

    2. the 16-level increase in defendant's offense level calculation on the basis that it "unfairly penalizes him twice for the same offense."

- B. The trial court abused its discretion in sentencing defendant because the sentence was greater than necessary under 18 U.S.C. § 3553; and

- C. The trial court erred in including defendant's 1992 federal drug-trafficking conviction in calculating defendant's criminal history score.

## III.
## STANDARD OF REVIEW

In its response, the government fully and accurately sets out, at pages 4-5, the appropriate standard of review for motions brought under 28 U.S.C. § 2255, as well as the limitations of such motions. These standards and limitations are applicable to this case.

## IV.
## EFFECTIVENESS OF COUNSEL

The proper standard for judging a defendant's contention that he is entitled to relief on the ground that his trial counsel rendered ineffective assistance is enunciated in *Strickland v.*

*Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under the *Strickland* standard, a defendant must show counsel's performance was deficient. This requires showing counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed to a criminal defendant by the Sixth Amendment to the United States Constitution. In order to amount to ineffective assistance of counsel, counsel's performance must have fallen below an objective standard of reasonableness as determined by the norms of the profession. Counsel's performance is reviewed from counsel's perspective at the time of trial, not from hindsight. *Id.* at 689. A reviewing court's scrutiny of trial counsel's performance is highly deferential, with a strong presumption that counsel's performance falls within the wide range of reasonable professional assistance. *Id.*

A defendant must also show he was prejudiced by counsel's deficient performance. To establish this prong, defendant must show counsel's errors were so serious as to deprive defendant of a fair trial. Specifically, defendant must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different or that the errors were so serious as to deprive the defendant of a fair trial with a reliable result." *Id.* at 694.

### A.  Failure to Object to Criminal History Calculation

On February 25, 1992, defendant committed the felony offense of Importation of a Quantity of Marijuana. On May 18, 1992, defendant was convicted of the offense and sentenced to 51 months in prison. On November 8, 1995, defendant was released from confinement.

Defendant's current offense was committed on September 28, 2010. The PSR added 3 points under USSG § 4A1.1(a) for defendant having a "prior sentence of imprisonment exceeding one year and one month." USSG § 4A1.2(e)(1) (second sentence) directed defendant's prior 51-month sentence be counted because defendant was incarcerated pursuant to that sentence during the

15-year period prior to defendant's commission of the current offense (defendant was incarcerated for approximately 1 ½ months during this 15-year period, *i.e.*, September 28, 1995 to November 8, 1995). At sentencing, the Court and defense counsel discussed the propriety of including the 1992 sentence in the criminal history. Defense counsel acknowledged the guideline provision and the propriety of including defendant's 1992 conviction, noting "if you served any time in custody within the fifteen-year period preceding the event [that] precipitated this charge, then it's eligible for imposition of criminal history points." Sent. Tr. at 8. In acknowldgeing that the conviction counted, however, counsel argued the remoteness of the conviction warranted consideration of a sentence at the lower end of the guideline range.

By his first ground, defendant argues counsel was deficient for failing to object to the inclusion of, and 3-point assessment for, defendant's 1992 federal drug-trafficking sentence in calculating defendant's criminal history score "on [the] basis of remoteness." Defendant appears to believe his 1992 sentence was counted because it "was imposed within fifteen years of the defendant's commencement of the instant offense," USSG § 4A1.2(e)(1) (first sentence), and argues the date of the prior offense should control, rather than the date the prior sentence was imposed, for determining whether the sentence should be counted in the criminal history calculation. Defendant contends using this "interpretation" of the guideline renders the 1992 conviction "too stale" to be counted in his criminal history.

As noted above, it was the second sentence of the applicable guideline which caused the 1992 prior sentence to be counted, not the first sentence. This second sentence, requiring counting based upon the timing of defendant's incarceration, was clearly applicable. Defense counsel had no basis for objecting to the inclusion of defendant's 1992 sentence in his criminal history and was not deficient in failing to do so. Defendant's first ground is without merit and should be DENIED.

B. <u>Failure to Object to Offense Level Calculation</u>

Defendant next argues counsel was deficient because she did not object to the 16-level increase in defendant's offense level on the ground that using the 2000 Illinois state conviction in both the offense level calculation and the criminal history score "unfairly penalizes him twice for the same offense." Defendant also appears to argue counsel was deficient because she did not object to the 16-level increase because of the inequality or unfairness of USSG § 2L1.2(b)(1)(A)(I) in that the enhancement leads to excessive sentences for some defendants, or on the basis that the enhancement lacks the backing of empirical data.

To the extent use of the Illinois conviction constituted "double counting," the Fifth Circuit has repeatedly rejected the argument that such "double counting" renders a sentence unreasonable, noting the Sentencing Guidelines specifically provide for consideration of a prior conviction for both criminal history counting and for section 2L1.2 enhancement. *See United States v. Velez-Rivas*, 2013 WL 49716 (5th Cir. January 4, 2013); *United States v. Garcia-Cabrera*, 472 Fed.Appx. 340 (5th Cir. 2012); *United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009). Similarly, the Fifth Circuit has consistently rejected arguments against the imposition of the 16-level increase based on the absence of empirical data to support the guideline, and the possibility of unwarranted disparities in sentencing. *United States v. Duarte*, 569 F.3d at 529-31; *United States v. Mondragon-Santiago*, 564 F.3d 357, 360 (5th Cir. 2009), *United States v. Nematuth*, 2012 LW 6634317 (December 18, 2012). Defense counsel had no basis to object to the 16-point increase on the grounds defendant identifies, and was not deficient in failing to do so. Defendant's second ground is without merit and should be DENIED.

V.
<u>TRIAL COURT ABUSE OF DISCRETION</u>

Defendant argues the sentencing court abused its discretion in assessing a 71-month

sentence because the court did not "adequately consider" the factors under 18 U.S.C. § 3553(a) which are required to be considered in imposing a sentence.  Defendant contends a lesser sentence would have been "sufficient" to meet the sentencing goals of the statute and, thus, the sentence "was greater than necessary" to comply with the purposes of the statute and constituted an abuse of the court's discretion.  Defendant also contends the sentencing judge abused her discretion by failing to provide "specification on basis for upward departure to the top of the guidelines."

Section 2255 is not a substitute for an appeal, and these claims could have been raised on direct appeal.  Moreover, these claims allege trial error, not constitutional or jurisdictional error, and, as such, are not cognizable on collateral review.  Defendant's third ground should be DENIED.

Further, the sentencing court had before it both mitigating and aggravating factors in determining defendant's sentence.  The court noted defendant's criminal history, noting his prior convictions involved drugs and that one of them was a federal conviction.  The court noted he committed a new drug offense while he was on supervised release.  The court also noted defendant continued to re-enter the United States illegally.  It is clear the court balanced the factors present in this case, and made an individualized assessment of the facts in light of such factors, determining a sentence at the top of the guidelines range was appropriate.  The court noted its belief such a sentence was necessary for punishment and deterrence.  The court provided "specification" for sentencing defendant at the top of the guidelines, determining a lesser sentence was not sufficient to meet the these sentencing goals.  While a court has discretion to deviate from the Guidelines based on mitigating factors, it is not required to do so, nor is the court required to sentence at the bottom of the guideline range.  When the district court imposes a sentence within a properly calculated guidelines range and gives proper weight to the Guidelines and the 18 U.S.C. § 3553(a) factors, "great deference" is given to that sentence and it is inferred that the judge has considered all the

factors for a fair sentence set forth in the Guidelines in light of the sentencing considerations set out in section 3553(a). *United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008). "A discretionary sentence imposed within a properly calculated guidelines range is presumptively reasonable." *Id*. Defendant has failed to show the court failed to give proper weight to his arguments or to any particular sentencing factor. Defendant's general disagreement with the propriety of his sentence and the court's weighing of the sentencing factors and facts of the case is insufficient to show an abuse of the court's discretion. Defendant's third ground should be DENIED.

## VI.
## TRIAL COURT ERROR IN APPLICATION OF SENTENCING GUIDELINES

In his fourth ground, defendant contends the district judge erred in calculating the sentencing guidelines in this case. In his habeas application, defendant contends the court erred in counting petitioner's 1992 conviction in his "criminal history category" because such counting was prohibited under USSG § 4A1.2(e)(1). In his supporting memorandum, however, defendant contends the court's assessment of the "16 level enhancement was improper because his 1992 conviction was stale."

The basis for the 16-level increase in defendant's offense level was not his 1992 federal drug-trafficking conviction. Instead, it was his October 2000 Illinois state conviction for two counts of delivery of a controlled substance. As noted above, there was no error in assessing either the 16-level increase in the Offense Level, or the 3 points in the Criminal History calculation. Even so, defendant's challenge to the district court's application of the guidelines is not cognizable in collateral proceeding brought under 28 U.S.C. § 2255 because a district court's technical application of the Guidelines does not give rise to a constitutional issue. *United States v. Vaughn*,

955 F.2d 367, 368 (5th Cir. 1991). As section 2255 relief is reserved for transgressions of constitutional rights, defendant's claim of trial court error in applying the guidelines should be DENIED.

## VII.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody filed by defendant JESUS VICENTE SANDOVAL-FIERRO should be DENIED.

## VIII.
## INSTRUCTIONS FOR SERVICE and NOTICE OF RIGHT TO OBJECT

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 24th day of June 2013.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)©, or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).